UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ENVIRO-PLY MANUFACTURING,
INC.,

    Plaintiff,
v.                          Case No.: 8:09-cv-1209-T-33TGW

DELTA GLOBAL FUNDING CORP.,
*et al.*,

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to Plaintiff's Motion for Default Judgment (the "Default Motion" Doc. # 17), which was filed on September 17, 2009. For the reasons that follow, the Court will grant the Default Motion.

**I.   Procedural History**

On May 5, 2009, Plaintiff filed suit against the Defendants, Delta Global Funding Corp., Gwen Galbreath, Harvey Levine, and Panam Management Group, Inc., in state court alleging breach of contract, conversion, unjust enrichment, and quantum meruit. (Doc. # 2). On June 30, 2009, Defendant Levine removed the case to this Court on the basis of diversity jurisdiction. 28 U.S.C. 1332. (Doc. # 1).

Plaintiff voluntarily dismissed Defendants Levine and Panam Management Group, Inc. (Doc. ## 12, 14, 15, 16). Plaintiff served Defendants Delta Global Funding Corp. and

Galbreath on June 10, 2009, pursuant to Rule 4 of the Federal Rules of Civil Procedure. (Doc. ## 8, 9). Defendants Delta Global Funding Corp. and Galbreath failed to respond to the complaint in any manner, and on July 15, 2009, the Clerk entered a default against Defendants Delta Global Funding Corp. and Galbreath pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. # 11).

At this juncture, Plaintiff seeks default judgment against Defendants Delta Global Funding Corp. and Galbreath due to their absolute failure to assert a defense to the complaint allegations and their failure to otherwise participate in this action.

**II. Analysis**

In this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003); see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada, 674 F.2d 1365, 1369 (11th Cir. 1982) (Because "this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment."). Nonetheless, it is well established that a "district court has the authority to enter default judgment

2

for failure . . . to comply with its orders or rules of procedure." Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985). Because Defendants Delta Global Funding Corp. and Galbreath have failed to appear in this case, they are entitled to no further notice at this time antecedent to entry of default judgment. See Rule 55(b)(2) (defaulted defendant is entitled to notice of request for default judgment only if defendant has appeared in the action).

A default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F.Supp.2d 1353, 1357 (S.D. Ga. 2004); see also Descent v. Kolitsidas, 396 F.Supp.2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); GMAC Commercial Mortg. Corp. v. Maitland Hotel Associates, Ltd., 218 F.Supp.2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint

3

that fails to state a claim." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997).

Review of the complaint (Doc. # 2) establishes that it contains facts sufficient to establish claims against Defendants Delta Global Funding Corp. and Galbreath for breach of contract (Counts I and VI), fraud in the inducement (Counts II and VII), conversion (Counts III and VIII), unjust enrichment (Counts IV and IX), and quantum meruit (Counts V and X). The Default Motion also contains a detailed synopsis of the relevant facts.

### III. **Damages**

Plaintiff seeks the return of its $150,000 as well as prejudgment interest, reasonable attorney's fees, and costs. While well-pleaded facts in the complaint are deemed admitted, a plaintiff's allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages. Miller v. Paradise of Port Richey, Inc., 75 F.Supp.2d 1342, 1346 (M.D. Fla. 1999); see also Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003) (federal law requires judicial determination of damages absent factual basis in record); Credit Lyonnais Securities (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (even where default judgment is

warranted based on failure to defend, allegations in complaint with respect to damages are not deemed true, and district court must conduct inquiry in order to ascertain damages with reasonable certainty); Patray v. N.W. Pub., Inc., 931 F.Supp. 865, 869-70 (S.D. Ga. 1996) (explaining that it is proper exercise of judicial power for a court, upon default, to take evidence, fix an amount that prevailing party should recover, and then give judgment). "The trial judge, sitting without a jury, has considerable latitude in determining the amount of the damages." Id. at 870.

Plaintiff attached an Affidavit of Non-Payment to the Default Motion setting forth the amount sought and the justification for the damages. Specifically, the affiant, John Watkins, the president of Plaintiff Enviro-Ply Manufacturing, Inc., submits:

> [T]he Plaintiff tendered the sum of $150,000 to or for the benefit of the Defendants Delta Global Funding Corp. ("Delta"), and Gwen Galbreath ("Galbreath") pursuant to Delta's and Galbreath's agreement with Plaintiff. These sums were to be held in escrow until a loan was secured by the Defendants for the Plaintiff. The Defendants failed to secure the loan in question. The Plaintiff demanded a return of the $150,000 placed in escrow, but it was not returned. Delta and Galbreath currently owe the Plaintiff $150,000. . . Defendants Delta and Galbreath owe Plaintiff $8,769.86 in pre-judgment interest as of September 11, 2009, and that interest continues to accrue at the rate of $32.876712 per diem after such date.

5

(Doc. # 16 at 3-4).

Plaintiff also seeks recovery of attorneys' fees. Plaintiff's counsel has filed an affidavit concerning attorney's fees in which $4,760.50 is requested for 23.9 hours of attorney time on this case. (Doc. # 17 at 6-7). Plaintiffs' counsel has attached his billing records for the Court's review. In addition, Plaintiff seeks $631 in costs.[1] Counsel for Plaintiff certifies that he has fully reviewed the costs records and supporting data. The Court has reviewed Plaintiffs' submissions and determines that the amount sought is reasonable under the circumstances. This Court will next evaluate whether Plaintiff is entitled to prejudgment interest on the $150,000.

IV. **Prejudgment Interest**

In this diversity case, the Court applies the substantive law of the forum state unless federal constitutional or statutory law compels a contrary result. Tech. Coating Applicators, Inc. v. United States Fid. & Guar. Co., 157 F.3d 843, 844 (11th Cir. 1998). Furthermore, this Court must apply

---

[1] The agreement between the parties, attached to Plaintiff's complaint, contains an attorney's fees provision, which follows: "The prevailing party in any action to enforce or interpret any provision of this Agreement . . . shall be entitled to all reasonable fees and costs incurred . . ." (Doc. # 2 at 21).

6

Florida law in the same manner that the Florida Supreme Court would apply it. Brown v. Nicholas, 8 F.3d 770, 773 (11th Cir. 1993). The Eleventh Circuit has held, "State law determines whether a successful litigant is entitled to prejudgment interest." Seb S.A. v. Sunbeam Corp., 148 F. App'x 774, 793 (11th Cir. 2005).

In Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985) the Florida Supreme Court crystallized Florida law on prejudgment interest as follows: "When a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss." Id. at 215. In so holding, the Court explained:

> Once a verdict has liquidated the damages as of a date certain, computation of prejudgment interest is merely a mathematical computation. There is no "finding of fact" needed. Thus, it is a purely ministerial duty of the trial judge or clerk of the court to add the appropriate amount of interest to the principal amount of damages awarded in the verdict.

Id. Furthermore, Florida courts have uniformly held that "prejudgment interest is not ordered as a penalty but rather as restitution to compensate a plaintiff for the loss of use of its money over the period of time that a plaintiff is wrongfully deprived of the use of that money. . . .

Prejudgment interest is "restitution, not retribution." <u>Zucker v. Sears Roebuck & Co.</u>, 589 So.2d 454, 455 (Fla. 5th DCA 1991).

It is axiomatic, under the facts of the present case, in which Defendants failed to return Plaintiff's $150,000 upon lawful demand on December 22, 2008, that Plaintiff is entitled to prejudgment interest from Defendants until the date of the Court's Judgment. Upon due consideration of the file, including the absence of any filings from Defendants Delta Global Funding Corp. and Galbreath, the Court grants the Default Motion.

Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED** as follows:

(1) Plaintiff's Motion for Default Judgment (Doc. # 17) is **GRANTED**.

(2) Final judgment by default is entered against Defendants, Delta Global Funding Corp. and Gwen Galbreath, in the amount of $165,082, which represents $150,000 in damages, $4,760.50 in attorneys' fees, $631 in costs, and $9,690.50 in prejudgment interest from the date of the demand (December 22, 2008) to the present date. The Clerk is directed to enter judgment accordingly.

(3) The Clerk is further directed to mail a copy of this

Order to Defendants at the address at which service of process was effected and **CLOSE** this case.

**DONE** and **ORDERED** from Chambers in Tampa, Florida, on this 9th day of October 2009.

<u>/s/ Virginia M. Hernandez Covington</u>
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Parties of Record